CASE NO. 12-50513

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

STEVEN E. SWENSON,

*Plaintiff-Appellant*

v.

SCHWAN'S CONSUMER BRANDS NORTH AMERICA, INC.,

*Defendant-Appellee*

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

_____

REPLY BRIEF OF APPELLANT
STEVEN E. SWENSON

_____

The McKinney Law Firm, P.C.
Christopher J. McKinney
Texas Bar No. 00795516
Ashley Barr
Texas Bar No. 24078198
700 E. Sonterra, Ste. 1221
San Antonio, Texas 78258
Telephone: (210) 832-0932
Facsimile:  (210) 569-4101
*chris@themckinneylawfirm.com*
*ashley@themckinneylawfirm.com*
Attorneys for Appellant
Steven E. Swenson

# **TABLE OF CONTENTS**

Table of Contents ............................................................................................................i

Table of Authorities ......................................................................................................iii

I. Introduction ..............................................................................................................1

   A. Schwan's is Not Entitled to Summary Judgment ..............................................1

II. Argument ..................................................................................................................2

   A. Swenson Raised a Genuine Issue of Fact as to Pretext....................................2

      1. Schwan's Brief Based on Misinterpretation of Applicable Law ................2

      2. Schwan's Relies on a Misleading Manipulation of Facts to Support Its Argument that Swenson Cannot Establish Pretext .....................................3

         a. Schwan's Argument Relies on the Invalid Premise that Foster Worked Five Days Per Week, Instead of Six .......................................................4

         b. Swenson and Foster Were Not Terminated for the Same Reason ........6

         c. Payroll Department Did Not Disapprove of Swenson's Grant of a Vacation Day for Foster ........................................................................7

   B. Swenson is Not Required to Produce Additional Evidence of Discrimination ...............................................................................................................................8

      1. Schwan's Utilizes Incorrect Standard of Proof .........................................8

      2. Dale's Affirmation of and Failure to Stop Age-Related Comments Evince His Own Age-Related Bias ........................................................................9

   C. Schwan's is Not Entitled to Partial Summary Judgment on the Basis of So-Called After-Acquired Evidence ................................................................11

III. Conclusion ............................................................................................................13

Certificate of Service ........................................................................................14

Certificate of Compliance ................................................................................15

# **TABLE OF AUTHORITIES**

## **CASES**

*Laxton v. Gap, Inc.*,
    333 F.3d 572 (5th Cir. 2003) ...............................................................3, 10

*Newman v. Greater Kansas City Baptist and Community Hosp. Ass'n*,
    604 S.W.2d 619 (Mo. App. 1980) ................................................................3

*Reeves v. Sanderson Plumbing Products*,
    530 U.S. 133 (2000) .................................................................................8-9, 11

*Furnco Constr. Corp. v. Waters*,
    438 U.S. 567 (1978) ......................................................................................9

*Sandstad v. CB Richard Ellis, Inc.*,
    309 F.3d 893 (5th Cir. 2002) .......................................................................10

*Russell v. McKinney Hosp. Venture*,
    235 F.3d 219 (5th Cir. 2000) .......................................................................10

*Rhodes v. Guiberson Oil Tools*,
    75 F.3d 989 (5th Cir. 1996) .........................................................................10

*Elrod v. Sears, Roebuck and Co.*,
    939 F.2d 1466 (11th Cir. 1991) ..............................................................10-11

*Smith v. Berry Co.*,
    165 F.3d 390 (5th Cir. 1999) .......................................................................12

*McKennon v. Nashville Banner Pub. Co.*,
    513 U.S. 352 (1995) ....................................................................................12

*O'Day v. McDonnell Douglas Helicopter Co.*,
    79 F.3d 756 (9th Cir. 1996) .........................................................................12

*Dotson v. Pfizer, Inc.*,
    558 F.3d 284 (4th Cir. 2009) .......................................................................13

*Ricky v. Mapco, Inc.*,
    50 F.3d 874 (10th Cir. 1995) ........................................................................13

## **STATUTES**

Fed. R. Civ. P. 56 ................................................................................................2

# I. Introduction

## A. Schwan's is Not Entitled to Summary Judgment

In its Response Brief, Defendant-Appellee Schwan's argues that its stated reason for terminating Swenson was sufficient to motivate termination and was based on the facts. In fact, Schwan's brief relies almost entirely on inapplicable case law and misleading manipulation of the facts. However, a review of the summary judgment record utilizing the applicable standard of review and relevant case precedent makes clear that Swenson is more than able to raise a fact issue sufficient to defeat Defendant-Appellee's Motion for Summary Judgment. As outlined in his original brief, Swenson has done so by producing summary judgment evidence that:

1. Establishes a *prima facie* case of age discrimination;
2. Creates a genuine question of material fact that Schwan's stated reason for discharge was false and that the relevant decision maker knew of its falsity at the time and was not acting in good faith;
3. Creates a genuine question of material fact that Schwan's stated reason for discharge was not a terminable event standing on its own;
4. Creates a genuine question of material fact that Schwan's decision-maker was motivated by discriminatory animus;

5. Creates a genuine question of material fact that Schwan's treated comparable employees outside the protected class more favorable that Swenson when accused of worse violations of company rules; and

6. Creates a genuine question of material fact that Schwan's made Swenson a special case and failed to follow its own policies with regard to his discharge.

When reviewed under the appropriate standard of review, this evidence is more than sufficient to establish a genuine issue of material fact as required by FED. R. CIV. P. 56. Had the district court properly analyzed the summary judgment evidence, it would not have granted Defendant/Appellee Schwan's motion for summary judgment.

## II. Argument

### A. Swenson Raised a Genuine Issue of Fact as to Pretext

#### 1. Schwan's Brief Based on Misinterpretation of Applicable Law

Appellee's entire brief is based on an incorrect legal argument that effectively asks this Court to ignore its own decision in *Laxton* as well as the Supreme Court's opinion in *Reeves* and argues that the truth or falsity of Defendant's proffered reason for discharge must be addressed in isolation from the *prima facie* case and/or any other evidence of discriminatory animus and it will,

therefore, always amount to "no evidence" of discrimination. *See* Appellee's Brief, at p. 48. Appellee argues that even if its stated reason for discharge is "factually baseless" it is irrelevant to the determination of this case. *See Id.* This is not the law.

Based on the Supreme Court's decision in *Reeves* and this Court's opinion in *Laxton*, it is clear that Swenson must "produce evidence permitting the jury to disbelieve that [Schwan's] proffered reason was its true motivation." *Laxton v. Gap, Inc.,* 333 F.3d 572, 579 (5th Cir. 2003).[1] "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination." *Id.* In the case at bar, Swenson has produced evidence that would allow a jury to disbelieve that Schwan's proffered reason for Swenson's termination was its true motivation for its termination of this 20+ year veteran of the company.[2]

2. <u>Schwan's Relies on a Misleading Manipulation of Facts to Support Its Argument that Swenson Cannot Establish Pretext</u>

---

[1] Appellee repeatedly attempts to support its argument with citations to pre-*Laxton* decisions and to an inapplicable case from Missouri state court that concerns a violation of a Missouri state statute that is not analogous to the TCHRA or ADEA. *See* Appellee's Brief, at 43; 45 (*citing Newman v. Greater Kansas City Baptist and Community Hosp. Ass'n*, 604 S.W.2d 619, 622 (Mo. App. 1980)).

[2] Appellee spends a good deal of its brief presenting evidence that it believes contradicts Swenson's summary judgment evidence that the rule in question was violated and that the company's decision-maker was informed of this fact and was aware of it when he made the decision to terminate Swenson. In the context of a summary judgement motion, all of this evidence must be disregarded entirely.

In its brief, Schwan's repeatedly attempts to manipulate the summary judgment evidence to support its argument that Swenson was terminated for violating Schwan's Vacation Policy. A clear statement of the facts shows that Schwan's stated reason for its termination of Swenson is pretext for the true reason for termination, age discrimination.

  a. Schwan's Argument Relies on the Invalid Premise that Foster Worked Five Days Per Week, Instead of Six

Schwan's falsely claims that Swenson did not dispute that he paid Foster for vacation time that Foster did not take. *See* Appellee's Brief, at 37. This is untrue. Swenson's testimony was clear on this point and it established that he allowed Foster to take Saturday as a vacation day so that Foster *would not have to work that day* and could, therefore, have a five (5) day workweek. (R3. 559; R3. 562). The summary judgment record was quite clear that Foster was a commissioned sales person whose job duties required that he ordinarily work six (6) days per week, not five (5). (R3. 551; R3. 559; R3. 562). So that Foster could have two (2) days off per week to spend more time with his family, Swenson granted Foster a vacation day in addition to his normal one (1) day off per week. (R3. 562). This grant of vacation day allowed Foster to have both Wednesday and Saturday off instead of just one of those days. (R3. 559; R3. 570). By doing so, Swenson

allowed Foster to have "time away from work for the purpose of leisure, recreation and/or relaxation" in accordance with company policy. (R2. 398, R2. 379).

Despite this fact, Schwan's entire argument relies upon the invalid and misleading premise that Foster generally worked only five (5) days per week. *See* Appellee's Brief, at 15 (citing R2. 380, at 163:12-22).[3] Schwan's argues that if Foster was working a five (5) day week whether or not he had been granted a vacation day, and that Swenson granted Foster a vacation day as one of his days off, then Swenson was allowing Foster to use his vacation days but "not actually tak[e] the time off of work" which was a violation of the vacation policy. (R3. 492; R2. 383; R3. 492; R2. 398-401).[4] Not only is this a misstatement of the facts but it also misleads as to what Dale knew at the time that the termination decision was made. Before Swenson's termination, Foster told Dale that taking vacation days was *his* idea, not Swenson's, and that he was not working on either his vacation

---

[3] Schwan's relies on Swenson's testimony that "[Foster's] original schedule was working Monday, Tuesday, off Wednesday, working Thursday, Friday, Saturday" to support its proposition that Foster was scheduled to work a five day workweek. Appellee's Brief, at 15 (*citing* R2. 380). Schwan's may not now attempt to argue that Foster only worked five (5) days per week based on its own failure to clarify Swenson's testimony. In the exchange cited by Schwan's, Swenson was never asked specifically about Sunday. (R2. 380). However, Swenson repeatedly testified that Foster ordinarily worked six (6) days per week. (R3. 562; R3. 570). This was confirmed in sworn testimony from Mr. Foster himself. (R3. 559). Based on this repeated testimony, it is clear that, contrary to Schwan's argument, Foster usually *did* work on Sunday.

[4] Despite the fact that Schwan's argues that Swenson was terminated for allowing Foster to use his vacation days but "not actually tak[e] the time off of work," it also takes issue with Foster not working on his vacation days. *See* Appellee's Brief, at 37. Thus, Schwan's is not even consistent within the confines of its own brief as to whether Swenson was supposedly fired because Foster worked on his vacation days or because he did not.

day or his day off. (R3. 559). Despite this fact, Schwan's now tries to state that Foster normally worked only five (5) days per week. With the understanding that commissioned sales people routinely work six (6) days per week, it is illogical to think that the only way that Foster could work five (5) days per week *and* get paid for a vacation day would be if he worked on that vacation day. Because there is evidence that Dale would have such an understanding, a reasonable jury would be entitled to believe that the stated reason for Swenson's termination, violation of Vacation Policy, was false or unworthy of credence.

### b. Swenson and Foster Were Not Terminated for the Same Reason

Defendant-Appellee states that Dale did not request permission to immediately terminate Swenson for his alleged violation of vacation policy. *See* Appellee's Brief at 19-20. Further, Defendant-Appellee argues that Foster was terminated for the same reasons as Swenson--violation of vacation policy. *See* Appellee's Brief at 19-20. However, in Bill Dale's January 18, 2010 email to Kristin Smart regarding the "Steve Swenson vacation issue" Dale states that he "would like to terminate [Swenson's] employment" but makes no mention of even disciplining Foster for engaging in the same alleged violation of company policy. (R3. 553). Only *after* Dale decided to terminate Swenson, *after* Dale contacted HR, and *after* Foster refused to falsely blame Swenson for violating company policy was Foster also terminated. (R3. 553; R3. 559). Also, while Dale was

6

"investigating" the alleged violation of vacation policy, Foster told Dale that it was his idea to take vacation time and that he attempted to perform no work on these days "to the greatest degree possible." (R3. 559). Based on this evidence that Dale *only* requested Swenson's termination even while he knew that Swenson was *not* paying Foster for vacation he did not take, a jury would be entitled to believe that Schwan's stated reason for discharge was false or unworthy of credence.

      c. Payroll Department Did Not Disapprove of Swenson's Grant of a Vacation Day for Foster

Schwan's also attempts to argue that Swenson cannot show that its reason for his termination is false or unworthy of credence through the fact that Schwan's payroll department cleared Swenson's approval of a vacation day for Foster. *See* Appellee's Brief, at 39. Schwan's argues that the payroll department had no authority to clear Swenson's grant of a vacation day for Foster. *See id.* However, whether or not the payroll department had authority to clear a grant of a vacation day, the Vacation Policy clearly states that "[p]ay practice rules are maintained by Route Service payroll." (R3. 566). When Swenson clearly explained to payroll (the department that maintains the pay practice rules) that Foster normally worked six (6) days per week and he was granting a vacation day so that Foster could fulfill a familial obligation, payroll replied "thank you!" and did not express further concern. (R3. 570-571). Therefore, the same department that maintains the pay

7

practice rules apparently did not find Swenson's grant of a vacation day to an employee that usually worked six (6) days per week to warrant any further consideration once explained. *See id.* Dale, on the other hand, immediately decided that he wanted to terminate Swenson (but not Foster). (R3. 553). Based on these disparate reactions between payroll and Dale, a jury would be entitled to find that Schwan's stated reason for termination, violation of its Vacation Policy, was false or unworthy of credence.

### B. Swenson is Not Required to Produce Additional Evidence of Discrimination

1. Schwan's Utilizes Incorrect Standard of Proof

In its brief, Schwan's improperly argues that in order to defeat summary judgment, Swenson was required to "establish" as a matter of law *both* that Schwan's stated reason for termination was pretext *plus* put on additional evidence that the real reason for his termination was discrimination. *See* Appellee's Brief, at 46-57. In so doing, Defendant-Appellee has misstated both the summary judgment standard and the applicable pretext standard for cases such as this one. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 149 (2000). Swenson must only produce evidence establishing a *prima facie* case and evidence from which a reasonable jury could reject Schwan's explanation for discharge. *Reeves*, 530 U.S. at 148. "[O]nce the employer's justification has been eliminated, discrimination

8

may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Id.* at 147-48 (*citing Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some *reason*, based his decision on an impermissible consideration"). As laid out above, Swenson has established both a *prima facie* case of age discrimination and produced evidence that would allow a reasonable jury to believe that Schwan's stated reason for termination was false or unworthy of credence. This evidence is sufficient to defeat summary judgment.

2. Dale's Affirmation of and Failure to Stop Age-Related Comments Evince His Own Age-Related Bias

Despite the fact that Swenson is not required to produce additional evidence of Dale's discriminatory animus, Swenson has done so anyway. Schwan's attempts to argue that John Barr's comments do not establish a discriminatory animus on the part of Dale. *See* Appellee's Brief, at 49-54. Schwan's then goes on to argue that Barr's comments are not evidence of age discrimination because he was not in a position to influence the termination decision. *See id.,* at 50. To be clear, Swenson agrees with that statement as he is not arguing that the comments should be considered under the "cat's paw" theory. Instead, what Swenson *is* stating is that

9

Dale's own affirmation of these comments and his failure (as the supervisor) to put an end to Barr's repeated age-related comments are evidence of Dale's own age-related bias. Dale's affirmation of these comments and his failure to stop them is relevant as he is the one who terminated Swenson. (R3. 492; R3. 553); *See Laxton*, 333 F.3d at 583; *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899; *Russell* v. *McKinney Hosp. Venture,* 235 F.3d 219, 225.

Schwan's also argues that Dale's protected class is a relevant consideration in analyzing Swenson's claim of age discrimination. *See* Appellee's Brief, at 54-55. However, the majority opinion in *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989 (5th Cir. 1996) (the case in which Schwan's relies on to support this proposition) does not even discuss the protected class of the decision maker.[5] Instead, the court in *Rhodes* held that a "jury was entitled to find that the reasons given for Rhodes' discharge were pretexts for age discrimination" and did not even consider the protected class of the decision maker as it is not a relevant consideration. *See Rhodes*, 75 F.3d at 996.

This case may be distinguished from *Elrod v. Sears, Roebuck and Co.*, 939 F. 2d 1466 (11th Cir. 1991), which Schwan's also cites to in support of the proposition that the protected class is a relevant consideration in analyzing an age discrimination claim. In that case, the employee was unable to produce any

---

[5] In its brief, Schwan's fails to point out that it is citing to a minority opinion (concurring in part, dissenting in part) to support its proposition. *See* Appellee's Brief, at 55.

10

evidence to show that the employer's justification for termination was unworthy of credence. *Id.* at 1470. Because the employee was unable to produce any evidence that the stated reason for termination was false or unworthy of credence, the court then analyzed if the employee had "offered any substantially probative evidence that age more likely than not motivated his discharge." *Id*. at 1471. In doing so the court stated that the employee had a difficult burden because the primary players behind the employee's termination were "well over the age of forty." *Id.* at 1471. While Swenson disagrees that the protected class of the decision maker is ever a relevant consideration, the case at hand may be differentiated from *Elrod* because, as discussed above, Swenson *has* produced evidence to show that the employer's justification for termination was false or unworthy of credence. As Swenson has pointed out numerous times, such evidence, when combined with evidence establishing a *prima facie* case, is sufficient to raise an inference of pretext. *Reeves*, 530 U.S. at 148. Therefore, Schwan's was not entitled to a grant of summary judgment.

### C. Schwan's is Not Entitled to Partial Summary Judgment on the Basis of So-Called After-Acquired Evidence

Additionally, Schwan's is not entitled to partial summary judgment on the basis of so-called after-acquired evidence because it has not established any wrong-doing on the part of Swenson. Schwan's argues that it is entitled to partial

summary judgment because it claims that Swenson purposely falsified his employment application and such offense is a terminable offense. *See* Appellee's Brief, at 58. "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Smith v. Berry Co.*, 165 F. 3d 390, 395 (5th Cir. 1999) (quoting *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362-63 (1995)). Schwan's has neither established any wrongdoing on the part of Swenson nor that such alleged wrongdoing was of such severity to warrant Swenson's termination. Instead, Schwan's simply states that Swenson committed wrongdoing because he "falsified information on his employment application at the time he was hired." *See* Appellee's Brief, at 58. This statement, unsupported by any evidence, does not establish that Swenson actually falsified any information on his employment application. Further, while Schwan's may be entitled to rely on sworn affidavits in support of the proposition that it would have fired Swenson for the alleged wrongdoing, Schwan's cannot prevail "based only on bald assertions that an employee would have been discharged for the later-discovered misconduct." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 762 (9th Cir. 1996). Here, Kristin Smart's affidavit is such a bald assertion. Considering that Schwan's produced no evidence that any of its employees have ever been terminated on these grounds, and the self-serving nature of Schwan's declarations,

12

a reasonable jury could find that Schwan's would not have terminated Swenson if he *had* falsified his job applications, as Schwan's now claims. *See, e.g. Dotson v. Pfizer, Inc.*, 558 F.3d 284 (4th Cir. 2009) (whether after-acquired evidence defense applied to limit company's liability was question for jury); *Ricky v. Mapco, Inc.*, 50 F.3d 874 (10th Cir. 1995) (whether employer would have terminated employee was question for jury in discrimination suit in which employer invoked after-acquired evidence doctrine).

### III.  Conclusion

Appellant Steven Swenson respectfully prays that this Court reverse the judgment of the district court in all respects, and award Swenson all costs and provide such further relief as to which he is entitled.

          Respectfully submitted,

          **THE MCKINNEY LAW FIRM**
            A PROFESSIONAL CORPORATION

          By:  */s/ Christopher J. McKinney*
          Christopher J. McKinney
          State Bar No. 00795516
          Ashley Barr
          State Bar No. 24078198
          700 East Sonterra, Ste 1221
          San Antonio, Texas  78258
          Telephone: (210) 832-0932
          Facsimile: (210) 568-4101
          *chris@themckinneylawfirm.com*
          *ashley@themckinneylawfirm.com*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on September 27, 2012.

| | |
|---|---|
| Alan L. Rupe | |
| Texas Bar No. 24028461 | ___ Hand Delivery |
| alan.rupe@kutakrock.com | ___ Facsimile Transmission |
| KUTAK ROCK LLP | ___ Certified Mail, Return Receipt |
| 1605 N. Waterfront Pkwy., | Requested |
| Suite 150 Wichita, KS 67206 | ___ U.S. First Class Mail |
| Telephone: (316) 609-7900 | X  Electronic Filing (ECF) |
| Facsimile: (316) 630-8021 | |

                                        */s/ Christopher J. McKinney*
                                        CHRISTOPHER J. MCKINNEY

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fifth Circuit Rule 32.2 and 32.3, the undersigned certifies this brief complies with the type-volume limitations of said Fed. R. App. P. 32(a)(7).

1. Exclusive of the exempted portions in 5th Circuit Rule 32.2, the brief contains 3,254 words printed in a proportionally spaced typeface.

2. The brief has been prepared in proportionally spaced typeface using Times New Roman 14 point text and Times New Roman 12 point in footnotes produced by Pages 2009 software.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. 32(a)(7), may result in the Court's striking the Brief and imposing sanctions against the person signing the brief.

By:

*/s/ Christopher J. McKinney*
CHRISTOPHER J. MCKINNEY