# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2012

Lyle W. Cayce
Clerk

No. 12-50513
Summary Calendar

STEVEN E. SWENSON,

          Plaintiff–Appellant

v.

SCHWAN'S CONSUMER BRANDS NORTH AMERICA, INC.,

          Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-602

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Plaintiff–Appellant Steven E. Swenson ("Swenson") appeals the district court's summary judgment for Defendant–Appellee Schwan's Consumer Brands North America, Inc. ("Schwan's") on Swenson's age discrimination claim under The Age Discrimination in Employment Act (ADEA) and The Texas Commission on Human Rights Act (TCHRA). *See* 29 U.S.C. § 623(a)(1); Tex. Lab. Code Ann. § 21.051 (West 2006). For the following reasons, we AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Swenson began working for Schwan's in 1979 and, aside from a brief period in 1988, worked there until his termination in 2010 at the age of 56. During his time with Schwan's, Swenson eventually became District Sales Manager. In that role he reported to Regional Sales Manager William "Bill" Dale. Schwan's purportedly terminated Swenson for violating Schwan's vacation policy by awarding a subordinate, Charles Foster, vacation time for days on which he was not scheduled to work. The parties dispute the facts surrounding Foster's work and vacation schedule and the propriety of Swenson's actions. When Dale recommended 56-year-old Swenson's termination, Dale was 48 years old. Swenson's replacement was over the age of 40.

Swenson filed suit in district court. After the district court entered summary judgment, Swenson timely filed his Notice of Appeal, invoking our jurisdiction pursuant to 28 U.S.C. § 1291.

## II. STANDARD

The review of a grant of a motion for summary judgment is de novo, applying the same standard as the district court. *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998); *Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206 (5th Cir. 2012). The moving party is entitled to judgment as a matter of law if the evidence does not establish a genuine issue of material fact. Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, the discovery, disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Keller Founds., Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871, 873–74 (5th Cir. 2010).

In employment discrimination cases, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989) (*abrogated on other grounds as recognized by*

No. 12-50513

*Valdez v. San Antonio Chamber of Commerce*, 974 F.2d 592, 594 (5th Cir. 1992). To make a prima facie case of age discrimination, the plaintiff must show that the plaintiff: (1) was discharged; (2) was qualified for the position; (3) was within the protected age group at the time of the discharge; and (4) was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age. *See Purcell v. Seguin State Bank & Trust Co.*, 999 F.2d 950, 957 (5th Cir. 1993). If the plaintiff establishes these elements, the burden shifts to the defendant to demonstrate that the discharge was based upon legitimate and non-discriminatory reasons. *See Patterson*, 491 U.S. at 187. Then, if the defendant can so demonstrate, the plaintiff must prove that the reason articulated by the employer was merely a pretext for unlawful discrimination. *Id.*

### III. ANALYSIS

We affirm the district court's finding that Swenson established a prima facie case of age discrimination, which shifted the burden back to Schwan's to identify its legitimate, non-discriminatory reason for discharging Swenson. Schwan's provided evidence that it had discharged Swenson for his purported failure to comply with Schwan's vacation policy. Thus, the burden then shifted back to Swenson to prove that Schwan's stated reason is merely pretext, or that Schwan's had a mixed motive, with age discrimination being one of the motivating factors. The district court held that Swenson could not create a fact issue as to whether Schwan's stated reason for discharging him was a pretext.

On appeal, Swenson argues that the district court erred by discounting Swenson's evidence that Schwan's stated reason was a pretext. Specifically, Swenson raises five arguments: (1) the district court erred by not considering the evidence as a whole; (2) the district court improperly analyzed evidence indicating that Schwan's stated reason for discharge was false; (3) the district court erred by disregarding evidence of discriminatory animus; (4) the district

court improperly disregarded evidence of disparate treatment of younger employees; and (5) the district court erred by improperly disregarding Schwan's failure to give Swenson notice before firing him.

None of Swenson's five arguments is persuasive. First, we address his argument that the district court erred by not considering the evidence as a whole, as required. The district examined each of Swenson's claims "in turn," which Swenson contends necessarily means the district court did not consider the evidence as a whole, as though the two are mutually exclusive. Swenson's argument is without merit. The district court looked at each piece of evidence in order to organize a multi-page opinion. In fact, the district court acknowledged that the evidence must be "taken as a whole." Further, the district court's conclusion states that "Plaintiff has failed to produce evidence, that, *taken as a whole*, creates a fact issue . . . ." The district court was clearly aware that the evidence was to be considered as a whole, and we decline to view the district court's organized examination of the allegations as evidence that the district court failed to consider the evidence "as a whole."

Swenson's second argument on appeal is his strongest, although it is ultimately not valid. Swenson argues that Schwan's stated reason for discharging him is factually baseless and false. He argues that his actions in granting Charles Foster's vacation time were consistent with company policy and thus, Schwan's stated reason for firing him was false, suggesting that discrimination must have been Schwan's real motivation. Admittedly, the parties dispute whether and to what extent Swenson violated Schwan's vacation policy. Swenson argues that demonstrating that Schwan's was factually incorrect in its determination that Swenson violated company policy is sufficient to establish pretext. However, pretext is not established merely because the company was mistaken in its belief, if honestly held. Whether Schwan's conclusion was correct is irrelevant; if Schwan's belief that Swenson violated

company policy motivated its discharge decision, then it was not a pretext, and Swenson cannot meet his evidentiary burden. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1166 (5th Cir. 1993) ("[The plaintiff] must, instead, produce evidence demonstrating that [the defendant] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him on the *basis of his age*.") Although Swenson presents evidence that tends to demonstrate that his actions did not violate company policy, he presents no evidence that Schwan's beliefs, even if incorrect, were not honestly held. His proffered evidence that he told Schwan's of Foster's vacation plans and that the payroll department did not disapprove of his actions is insufficient.

Third, Swenson argues that the district court did not consider his evidence of discriminatory animus. Swenson raised several age-related comments made by co-workers. The value of such stray remarks is "dependent upon the content of the remarks and the speaker." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). Age-related comments are to be taken into account if the speaker is in a position to influence the employment decision. *See id.* at 229. The comments at issue were made by a co-worker with no influence over the discharge determination. Swenson argues that Dale's failure to respond to the age-related comments indicates his age-related bias. However, the law focuses on the speaker's authority, not that of those who decline to intervene.

Fourth, Swenson argues that the district court disregarded evidence of disparate treatment of younger employees. He provides the example of a younger employee who was reprimanded but not terminated for sending inappropriate e-mails to coworkers. He also mentions a second younger employee whose intoxicated comments at a company event became so inappropriate that he was asked to leave the event. Dale did not reprimand or terminate this employee. However, these examples are not probative. "[T]o establish disparate treatment, a plaintiff must show that the employer gave

preferential treatment to another employee under 'nearly identical' circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (internal quotations and alternations omitted). The transgressions Swenson alleged other employees committed were not similar, much less "nearly identical," to his own alleged vacation policy transgression. Swenson urges this court to instead adopt a rule laid out in an Eighth Circuit case, which does away with the Fifth Circuit's "nearly identical" behavior requirement. *See Lynn v. Deaconess Med. Ctr.–W. Campus*, 160 F.3d 484 (8th Cir. 1998). *Lynn* has never been cited by this circuit, and we decline to stray from our well-settled precedent.

Finally, Swenson argues that the district court erred by disregarding Schwan's failure to give Swenson a warning rather than discharging him upon learning of his alleged policy violation. Swenson argues that his disputed action did not merit immediate termination. As evidence that progressive discipline rather than immediate discharge would have been appropriate, Swenson provides an affidavit from a former Schwan's employee who stated he thought a lesser consequence should have been applied. However, Schwan's Standards of Conduct from its Company Employee Handbook specifically state that some rule infractions can lead to immediate discharge. We decline to impose our judgment concerning the proper consequence.

## IV. CONCLUSION

For the aforementioned reasons, the district court's judgment is AFFIRMED.